UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**TERRY LEE GREGORY**                                                                                   **PLAINTIFF**

**v.**                                                                           **CIVIL ACTION NO. 4:20-CV-P1-JHM**

**COMMONWEALTH OF KENTUCKY et al.**                                                     **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Terry Lee Gregory, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action by filing a complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, a convicted state inmate, names as Defendants the Commonwealth of Kentucky; McLean County, Kentucky; Lindsey Voller Turner and Courtney Boling of the Henderson Trial Office of the Department of Public Advocacy; Judge Brian Wiggins; and Fred Coomes of the McLean County Sheriff's Department.

The complaint alleges that Plaintiff asked his attorneys Defendants Boling and Turner on numerous occasions to file various motions in his criminal case and they would not.

Plaintiff alleges that Judge Wiggins, who presided over his criminal trial, sent home an important witness before the trial started. He alleges that Judge Wiggins sent the witness home "to prevent her from testifying, which would have brought a lot of corrupt and criminal behavior to light involving the McLean County Sheriff department and won me a nonguilty verdict as it

would have destroyed the credibility of Fred Coomes and 'MCSO.' He covered up police corruption."

Finally, Plaintiff alleges that Defendant Coomes of the McClean County Sheriff's Department committed perjury while testifying at his criminal trial.

Plaintiff asks for monetary and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Commonwealth of Kentucky***

Under the Eleventh Amendment to the U.S. Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity

or Congress has overridden it. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). The claim against the Commonwealth of Kentucky will be dismissed.

*McClean County, Kentucky*

When a § 1983 claim is made against a municipality, like McClean County, a court must not only analyze whether the plaintiff's harm was caused by a constitutional violation, but also, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). Here, Plaintiff has not alleged the existence of a municipal policy or custom, and the claim against McClean County must be dismissed for failure to state a claim upon which relief may be granted.

*Judge Wiggins*

Plaintiff alleges that Judge Wiggins did not allow a witness to testify. He specifically alleges that had the witness testified, it "would have brought a lot of corrupt and criminal behavior to light involving the McLean County Sheriff department and won me a nonguilty verdict as it would have destroyed the credibility of Fred Coomes and 'MCSO.'"

Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is embedded in the long-established principle that "'a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). The law is clear that a judge acting within the scope of his official duties and within his jurisdictional authority is absolutely immune from damages liability. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997); *Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992).

In determining which witnesses would testify at trial Judge Wiggins was performing an act in the exercise of his judicial function, *i.e.*, presiding over Plaintiff's criminal trial. As such, Judge Wiggins is immune from the claim against him.

*Department of Public Advocacy Defendants*

Plaintiff alleges that he asked his Department of Public Advocacy attorneys Defendants Boling and Turner on numerous occasions to file various motions in his criminal case, but they refused to do so.

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42 (1988).  It is firmly established that a defense attorney, regardless of whether he or she is a public defender or private attorney, is not a state actor for purposes of § 1983.  *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").  Thus, Plaintiff fails to state a claim under § 1983 against these Defendants regarding any performance of a traditional lawyer function, such as determining what motions to file.  The claim against these Defendants will be dismissed for failure to state a claim upon which relief may be granted.

***Defendant Coomes***

Plaintiff alleges that Defendant Coomes committed perjury when he testified at his criminal trial.  However, Defendant Coomes is absolutely immune regarding his trial testimony. *See Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987) ("'[A]ll witnesses—police officers as well as lay witnesses—are absolutely immune from liability based upon their testimony in judicial proceedings.'" (quoting *Briscoe v. Lahue*, 460 U.S. 325, 328 (1983))); *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (holding that a deputy sheriff was absolutely immune from suit for his testimony during former defendant's criminal trial, "no matter how egregious or perjurious that testimony was alleged to have been").  Accordingly, the claim against Defendant Coomes will be dismissed.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date: May 8, 2020

*Joseph H. McKinley Jr.*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      McClean County Attorney
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.009